# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE K. HESSLER, Trustee of the Hessler Family Living Trust, | Case No.: 1:15-cv-143-EPG |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AN OPPOSITION |
| v. | |
| UNITED STATES OF AMERICA, Department of the Treasury, Internal Revenue Service, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| Defendants. | (Docs. 8 and 22) |

**I.     Introduction**

Plaintiff, Darleen Hessler ("Plaintiff"), Trustee of the Hessler Family Living Trust ("the Trust"), filed a complaint alleging the Internal Revenue Service ("IRS") improperly denied a tax refund. (Doc. 1).  Defendant, the United States of America ("Defendant"), filed a Motion to Dismiss based on a lack of subject matter jurisdiction.  (Doc. 8).  Plaintiff filed an untimely Opposition to the motion (Doc. 17), as well as a Motion to File a Late Response.[1] (Doc. 22).  The Defendant has filed a

---

[1] Plaintiff did not file a timely Opposition.  Three days before the hearing, the Court issued an order taking the matter under submission, and the Plaintiff filed her opposition later that day. (Docs.16 and 17). Although Plaintiff's opposition was filed ten days late, the Court will grant Plaintiff's Motion for an Extension because the late filing was due in part to a misunderstanding during a status conference.  However, Plaintiff's counsel is cautioned that a failure to follow the Local Rules in the future may result in the imposition of sanctions, including monetary sanctions or striking any late filings.

Reply to the Opposition (Doc. 18), and also opposes the extension request. (Doc. 23). Upon a consideration of all of the pleadings, Plaintiff's Motion to File a Late Opposition is GRANTED, and Defendants' Motion to Dismiss is GRANTED.

## II.     Background

Plaintiff's complaint, filed on January 26, 2015, alleges that on July 1, 2006, Plaintiff was appointed as Trustee of the Hessler Family Living Trust. Acting within her capacity as Trustee, on or about July 18, 2006, she provided a loan to a builders investment group (referred to as "Meritage") in the amount of $400,000.00.  Meritage procured the loan from Plaintiff for the development of fourteen units of residential/commercial condominiums located in Geyserville, Sonoma County. (Doc. 1, pg. 3). As part of the loan, Meritage agreed to pay Plaintiff monthly interest payments, and Plaintiff's investment was secured by Deeds of Trust in real property owned by Meritage.  The agreement provided that Plaintiff would be repaid through proceeds of the sale of the units.  In accordance with that agreement, Meritage provided a Deed of Trust on an eight lot subdivision located in Middletown, California ("Devonna Lane Project"). *Id*.

In July 2007, Meritage promised Plaintiff that if she re-conveyed the Devonna Lane Project Deed of Trust, they would immediately replace this with a Deed of Trust on another parcel referred to as Herron's Landing. *Id*.  Later that month, Plaintiff conveyed the Devonna Lane Project Deed of Trust, but never received the Herron's Landing Deed of Trust as agreed upon. As a result, on or about June 24, 2009, Plaintiff filed a civil action in the Sonoma County Superior Court against Meritage and its owners, alleging fraud, negligent misrepresentation, equitable lien, breach of written contract, breach of oral contract, breach of fiduciary duty and alter ego.[2]  (Doc. 1-1, pgs. 4-14).  In or around July 10, 2010, Plaintiff was awarded a Default Judgment for the causes of action outlined in the complaint. (Doc. 1-1, pgs. 1-4).

---

[2] A review of the documents attached to Plaintiff's complaint reveals that some of the dates referencing the Sonoma Superior Court filings in the complaint are incorrect.  (*Compare* Doc.1, pg. 3 with Doc. 1-1, pgs. 4-14). This order cites the correct dates.

2

Plaintiff contends that her accountant advised her to report the loss as the Trustee of the Hessler Family on her personal income tax Schedule 1040, under her individual social security number. (Doc. 17, pg. 5).  This loss was reported on Plaintiff's 2008 amended 1040 Income Tax Return, and was listed in 1040 Schedule A, under Item 20 as "Casualty or Theft Loss." *Id*. The adjusted amount of loss was entered as $360,478.00.  After conducting an audit, the IRS rejected this amount as a "theft loss" and disallowed Plaintiff's refund in the amount of $1,058.00.  Plaintiff contends that she was denied a refund for several years since a theft loss may be carried back for three years. *Id*.

Plaintiff paid the claimed refund amount, but her accountant filed an appeal with the IRS Appeals Office on her behalf. (Doc. 1-2, pg. 1). In a certified Notice of Disallowance dated July 23, 2012, the IRS Appeals Office denied Plaintiff's theft loss claim under Rev. Proc. 2009-20.  *Id*. This notice indicated that Plaintiff had two years from the mailing date of the letter to file suit in a United States District Court having jurisdiction over the case, or with the United States Court of Federal Claims. *Id*.

Instead of filing suit in one of the courts listed above, Plaintiff filed a petition for tax refund with the United States Tax Court on July 8, 2014. (Doc. 17-1).  On August 28, 2014, the IRS notified Plaintiff of its intent to file a Motion to Dismiss for Lack of Jurisdiction. The Motion to Dismiss stated that "Respondent has contacted petitioner's counsel and has been informed that there is no objection to the granting of this motion so long as this case is dismissed without prejudice." (Doc. 17-1, pg. 9). The United States Tax Court dismissed the case for a lack of jurisdiction on November 10, 2014. (Doc. 17-1, pg. 10).

On August 29, 2014, upon being notified of the impending motion but prior to the dismissal, Plaintiff submitted IRS Form 907, requesting an extension of time to bring suit.  (Doc. 17-1, pgs. 11-14).  On October 10, 2014, the IRS indicated that they received the request and that an additional 45 days was needed in order to make a decision. (Doc. 17-1, pg. 15).  Plaintiff subsequently received letters from the IRS on November 25, 2014, January 13, 2015, Mar 2, 2015, and again on April 15, 2015, indicating that additional time was required to make a ruling on Plaintiff's request. (Doc. 17-1,

pgs. 15-19). To date, Plaintiff has not received a definitive response from the IRS regarding her request to extend the time to bring suit. She filed the instant complaint in this Court on January 26, 2015, 2 ½ years after receiving the notice on July 23, 2012 from the IRS, advising her that she had two and a half years to file suit from the date of the letter if she wished to contest the IRS' determination. (Doc. 1-2, pg. 1).

### III. The Parties' Positions

The Defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(l) for lack of subject matter jurisdiction because: (1) Plaintiff's complaint was not filed within two years of the notice of disallowance from the IRS in accordance with the provisions of 26 U.S.C § 6511 and 6532, and therefore is barred by sovereign immunity, and (2) Plaintiff, as the Trustee of the Hessler Family Living Trust, is not the real party in interest under Fed. R. Civ. P. 17(a), because Ms. Hessler individually, rather than the Trust, suffered the alleged loss of a tax refund.[3]

Plaintiff maintains that jurisdiction in this Court is proper because she filed her case in the United States Tax Court within two years of the IRS Appeals Office's decision. She argues that this was permissible pursuant to 26 U.S.C. § 7422(e), which provides that once the IRS mails a Notice of Deficiency, a tax payer may file a petition with the Tax Court for a redetermination of the asserted deficiency, which stays the proceedings for purposes of filing a claim in district court. (Doc. 17, pgs. 10-11). She further contends that her complaint is timely because the Tax Court dismissed her case without prejudice, and prior to the dismissal, she filed requests with the IRS for an extension of time to bring this suit. (Doc. 17, pgs. 11-12).

### IV. Discussion

#### A. Motions to Dismiss Pursuant to Rule 12(b)(1) and Sovereign Immunity

A jurisdictional challenge under Rule 12(b)(1) may be made either facial or factual. *Safe Air for Everyone v. Meyer et al.*, 373 F. 3d 1035, 1039 (9th Cir. 2004); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In a facial attack, the challenger asserts that the allegations

---

[3] The Defendant also argued a lack of personal jurisdiction based on improper service, however, Plaintiff subsequently properly served the Defendant so this issue has been resolved. (Doc. 18, pg. 5).

4

contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the moving party disputes the truth of the allegations that, by themselves, would invoke federal jurisdiction. *Safe Air for Everyone*, 373 F. 3d at 1039. When considering a motion to dismiss pursuant to Rule 12(b)(1), the district court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir.1983) (consideration of material outside the pleadings did not convert a Rule 12(b)(1) motion into one for summary judgment). Accordingly, the Court may consider extrinsic evidence to the extent it aids in the resolution of this jurisdictional dispute.

Defendant's motion seeks dismissal of plaintiff's complaint for lack of subject matter jurisdiction on the basis that the United States has not waived its sovereign immunity as to Plaintiff's claim for a tax refund. To confer subject matter jurisdiction in an action against a sovereign, there must be: (1) "statutory authority vesting a district court with subject matter jurisdiction," and (2) "a waiver of sovereign immunity." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). Because the United States is a sovereign, it is immune from suit unless it has expressly waived its immunity and has consented to be sued. *See Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087–88 (9th Cir. 2007). The United States Supreme Court has "frequently held ... that a waiver of sovereign immunity is to be strictly construed, in terms of scope, in favor of the sovereign." *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261, 119 S.Ct. 687, (1999). Moreover, the waiver cannot be implied, but must be "unequivocally expressed" in the statutory text. *Id.*; *accord Harger v. Dep't of Labor*, 569 F.3d 898, 903 (9th Cir. 2009). The party asserting a waiver of sovereign immunity bears "the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress...." *Dunn & Black, P.S.,* 492 F.3d at 1088.

Here, Defendant recognizes that 28 U.S.C. § 1346(a)(1) waives sovereign immunity by authorizing federal district courts to hear "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any

5

penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1); *Imperial Plan, Inc. v. United States*, 95 F.3d 25, 26 (9th Cir.1996) ( "Title 28 U.S.C. § 1346(a)(1) waives the sovereign immunity of the United States to permit suit in the United States District Courts for the recovery of taxes which have been erroneously collected."). Furthermore, 26 U.S.C. § 7422 ("section 7422") tracks the language of section 1346(a)(1), and expressly creates a waiver of sovereign immunity. However, 26 U.S.C.§ 6532(a)(1) creates a jurisdictional bar against any tax-refund suit that is commenced "after the expiration of two years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a disallowance of the part of the claim which the suit or proceeding relates." 26 U.S. C. § 6532 (a)(1).

Defendant argues that in this case, the IRS notified Plaintiff by certified mail on July 23, 2012, that Ms. Hessler's $1,058.00 refund claim for 2008 had been disallowed. (Doc. 1-2, pg. 1). Pursuant to section 6532(a)(l), the two-year period Plaintiff could sue the United States ended on July 23, 2014. However, she did not file the complaint until January 26, 2015. Therefore, the complaint is untimely, thereby divesting this Court of jurisdiction. Fed. R. Civ. P. 12(h)(3).

In response, Plaintiff contends that under 26 U.S.C. § 7422(e), her case is not time-barred because she timely filed a complaint with the Tax Court. Plaintiff argues that pursuant to section 7422(e), once the IRS mails a notice of deficiency, a tax payer may file a petition with the Tax Court for a redetermination of the asserted deficiency, which stays the proceedings for purposes of filing a claim in District Court. (Doc. 17, pgs. 10-11). She cites *Russell v. United States*, 592 F. 2d 1069 (9th Cir. 1979) in support of this claim. *Id*. However, Plaintiff's reasoning is flawed. As she acknowledges, and as noted by the Tax Court, the IRS did not issue a notice of deficiency in her case, and the Tax Court never had jurisdiction. (Doc. 17, pg. 11; Doc. 17-1, pg. 6). Instead, the IRS issued a notice of disallowance, explicitly advising Plaintiff that if she intended to bring suit, she needed to do so in the United States District Court or the United States Court of Federal Claims. No notice of

deficiency was issued, which renders section 7422(e) and *Russell v. United States* inapplicable to her case.[4]

The Court is similarly not persuaded by Plaintiff's argument that the filing an extension of time to bring suit with the IRS, prior to the Tax Court's dismissal of her case without prejudice, serves to extend the statutory period for filing suit in this Court. (Doc. 17, pgs. 11-12). As a preliminary matter, Form 907 was not submitted to the IRS until August 29, 2015, *after* the two year period expired on July 23, 2014. (Doc. 17, pg. 6, lines 6 and 7). Moreover, the IRS has never granted Plaintiff an extension, nor has Plaintiff provided the Court with any case holding that subject matter jurisdiction is proper under these circumstances.

Finally, to the extent that Plaintiff is arguing that equitable tolling applies to her case, she similarly has not met her burden.[5] To invoke equitable tolling, Plaintiff must, at minimum, have pursued the claim with due diligence. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) ("[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *Federal Election Commission v. Williams*, 104 F.3d 237, 240 (9th Cir. 1996) ("To establish that equitable tolling applies, a plaintiff must prove ... [among other things] due diligence ... [in] discovery of [operative] facts.").

While the Court is sympathetic to Plaintiff's situation, filing suit in the wrong court does not constitute the requisite diligence, especially when the IRS's July 23, 2012 letter specifically instructed her to file suit in the District Court or the Court of Federal Claims. (Doc. 1-2, pg. 1). Additionally,

---

[4] *Russell v. United States* is also factually distinguishable because in *Russell*, the Plaintiff timely filed a complaint in the District Court, and subsequently, the IRS issued an additional notice of deficiency. After receiving this notice, *Russell* filed a case in Tax Court. Under those unique circumstances, not present here, the Court held that the District Court lost jurisdiction when Plaintiff filed her case in Tax Court. *Russell*, 592 F. 2d at 1071-1072.

[5] Whether equitable tolling applies to section 6532(a)(1) remains an open question. In *United States v. Brockamp*, 519 U.S. 347, 117 S. Ct. 849 (1997), the Supreme Court held that equitable tolling principles do not apply to setion 6511's time limitations for filing tax refund claims. Nevertheless, in *Volpicelli v. United States*, 777 F.3d 1042 (9th Cir. 2015), the Ninth Circuit recently held that section 6532(c) (limiting the time for suit concerning a levy on a person other than the taxpayer to nine months) is subject to tolling. However, because Plaintiff has not established due diligence, the Court need not address whether equitable tolling applies to section 6532(a)(1).

Plaintiff has not demonstrated any circumstance, let alone an extraordinary one, preventing her from filing this case within the requisite two years. *See Hyler v. United States*, 2008 WL 191423 (N.D. Cal. 2008) (Equitable tolling to extend Section 6532(a)(1) was not appropriate when Hyler filed suit for refund with the Tax Court the day prior to the expiration of the two year statute of limitations.) Accordingly, equitable tolling does not apply to Plaintiff's case.

### B. Plaintiff as a Proper Party

Defendant also argues that Plaintiff, as the Trustee of the Hessler Living Trust is not the proper party in this case since Ms. Hessler individually, rather than the Trust, was denied the tax refund. In Plaintiff's Opposition, Plaintiff asserts that Darlene K. Hessler created a "Revocable Grantor Trust" and that, per Ms. Hessler's accountant, the trust items should be reported on Ms. Hessler's personal income tax returns. Plaintiff has failed to attach any declarations or documentation to establish these assertions, and the United States has not responded to her arguments. However, in light of the lack of subject matter jurisdiction, the Court need not address this issue.

### V.  Conclusion

For the foregoing reasons, Plaintiff's Motion for an Extension of Time to File an Opposition (Doc. 22) is GRANTED. Defendant's Motion to Dismiss (Doc. 8) based on a lack of subject matter jurisdiction is also GRANTED. Plaintiff will not be given leave to amend the complaint because this deficiency is fatal to all of the Trust's claims. The Initial Scheduling Conference currently set for January 14, 2016 at 10:00 a.m. in Courtroom 10 is VACATED.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 5, 2016**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE